Bradley D. Pack, SBA #023973
**Engelman Berger, P.C.**
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

Ph: (602) 271-9090
Fax: (602) 222-4999
Email: bdp@eblawyers.com

Christopher J. Dawes, Esq.[1]
Heather L. Ries, Esq.[1]
**Fox Rothschild LLP**
1225 17th Street, Suite 2200
Denver, CO 80202

Ph: (303)383-7604
Fax: (303)292-1300
Email: CDawes@foxrothschild.com
Email: HRies@foxrothschild.com

Attorneys for BSV Lamont JCRS, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| SUMMIT FAMILY RESTAURANTS, INC., | Case No. 2:21-bk-02477-BKM |
| Debtor. | **BSV LAMONT JCRS LLC'S MOTION FOR RULE 2004 EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS** |

BSV Lamont JCRS LLC ("BSV" or the "Landlord"), a creditor in the above-captioned bankruptcy case, by and through its undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order of this Court directing an officer or director of Summit Family Restaurants, Inc. ("Debtor") with knowledge of the matters identified below to appear at the law offices of Engelman Berger, P.C., 2800 North Central Avenue, Suite 1200, Phoenix, Arizona 85004, or wherever designated, to be examined under oath (the "2004 Examination") and further directing Debtor to produce those documents described in **Exhibit "A"** (the

---

[1] Pro hac vice applications to be filed concurrently herewith

"Document Requests") to the above-referenced law offices of Engelman Berger, P.C. Examination is to be scheduled on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' notice and the request for production of documents is to be scheduled on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' notice.

In support of this motion, Landlord submits the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Debtor (also referred to as Summit Family Restaurants Inc. d/b/a Casa Bonita ("Tenant")) and the Landlord are parties to a Shopping Center Lease dated September 12, 2014 (the "Lease") relating to a space (the "Premises") within the Shopping Center located at 6715 West Colfax Avenue, Lakewood, Colorado 80214. The Debtor/Tenant has defaulted on its obligations under the Lease and the total damages and cure amount under the Lease exceeds $890,000.00. The Landlord, as a creditor of the Debtor's bankruptcy estate, wishes to take the 2004 Examination of the Debtor in order to gain a greater understanding of the Debtor's assets, liabilities, property and financial condition.[2]

On April 6, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Arizona (the "Court").

The Court may order the examination of any entity pursuant to Bankruptcy Rule 2004 on motion of any party in interest. The scope of examinations under Bankruptcy Rule 2004(b) may include, among other things, any matter that may relate to the property and assets of the estate, the financial condition of the debtor, any matter that may affect the administration of a debtor's estate and any matter relevant to the case or to the formulation of a plan. *See* Fed. R. Bankr. P. 2004(b). Discovery under Bankruptcy Rule 2004 includes both document discovery

---

[2] By seeking to take the Rule 2004 Examination of the Debtor, BSV in no way waives its right to challenge the Debtor's choice of venue in this case.

and depositions. *See* Fed. R. Bankr. P. 2004(c). A Rule 2004 inquiry is "unfettered and broad." Collier on Bankruptcy ¶ 2004.02[1] (16th ed. Revised 2007) (internal quotations and citations omitted).

Rule 2004 permits a party to undertake a broad inquiry "in the nature of a fishing expedition." *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (collecting citations); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Millennium Lab Holdings II*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Rule 2004 … has been likened to a fishing expedition and an inquisition" (internal quotations omitted)).

"Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal citations omitted); *In re Countrywide Home Loans, Inc.*, 384 B.R. at 400 (inquiry into liability of a debtor and into any matter that may affect the administrative of the estate "comfortably falls within the allowed limits under Rule 2004"); *In re Hilsen*, 2008 WL 2945996, at *4 (Bankr. S.D.N.Y. 2008) ("Rule 2004 [may be used] to determine the nature and extent of a bankruptcy case and to ascertain whether wrongdoing has occurred."); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Bankruptcy Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors").

With this Motion, the Landlord seeks to obtain critical information from the Debtor related to the "acts, conduct, or property or to the liability or financial condition" of the Debtor. Consequently, the information the Landlord seeks is within the proper scope of Rule 2004 discovery.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order: (a) directing the Debtor to appear for an examination under oath at a date and time mutually agreeable to the parties, or if upon notice, not less than 21 days' notice; and (b) directing the

production of the documents identified in the attached **Exhibit "A"** within twenty-one (21) days from service of notice; and (c) for such other and further relief as may be appropriate.

**DATED** this 28th day of April 2021.

                              **ENGELMAN BERGER, P.C.**

                              By /s/ *Bradley D. Pack*
                                  Bradley D. Pack
                                  Attorneys for BSV Lamont JCRS, LLC

**COPY** of the foregoing automatically e-mailed
by the Court's ECF system this 28th day of April 2021 to
all attorneys who have appeared on record in this case
with courtesy copy e-mailed this same date to:

Philip R. Rudd (Rudd@sackstierney.com)
Wesley Denton Ray (Ray@sackstierney.com)
Sierra M. Minder (Sierra.Minder@sackstierney.com)
Sacks Tierney
Attorneys for Debtor

Christopher Simpson (csimpson@omlaw.com)
Osborn Maledon, P.A.
Subchapter V Trustee

Patty Chan (patty.chan@usdoj.gov)
Office of the U.S. Trustee

/s/ *Paul A. Manley*

# EXHIBIT "A"

# EXHIBIT A

## I. INSTRUCTIONS

1. These requests for production of documents are deemed to be continuing in nature, calling for further responses at such times as additional information or documents become known or reasonably available to Debtor.

2. If you contend that an identified document would be excludable from production regardless of its relevance, state the reasons for such objection or grounds for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

3. In producing documents hereunder, copies may be produced in lieu of originals if both sides of any two-sided documents are reproduced and Services or an officer of Services attests by affidavit or declaration under penalty of perjury that the copies provided are true, correct, complete and accurate duplications of the originals.

## II. DEFINITIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

1. The term "**Bankruptcy Case**" shall mean the Debtor's Bankruptcy Case No. 2:21-bk-02477-BKM pending before the United States Bankruptcy Court for the District of Arizona.

2. The term "**Bankruptcy Court**" shall mean the United States Bankruptcy Court for the District of Arizona.

3. "**Communication**" or "**Communications**" means any manner or form of information or message transmission, however produced or reproduced, whether through a "Document" as herein defined, orally, or otherwise, which is made, distributed or circulated between or among persons, or data storage or processing units, and any and all Documents containing, consisting of, or relating or referring in any way, either directly or indirectly, to a

communication, whether or not any such Document or the information contained therein was transmitted by its author to any other person.

4. The terms "**concerning**," "**pertaining**," "**relating**" or "**regarding**," as used herein, are interchangeable and include referring to, alluding to, responding to, connected with, commenting on, in respect of, about, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or any similar term.

5. The term "**Debtor**" shall refer to Summit Family Restaurants Inc. and its agents, employees, officers, counsel and persons purporting to act on its behalf both presently and in the past.

6. "**Document**" is used herein in its customary broad sense and means any kind of printed, recorded, written, graphic or photographic matter (including taped recordings), however printed, produced, reproduced, coded or stored, or any kind or description, whether or not sent or received, including originals, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers, books, accounts, letters, models, photographs, sketches, drawings, blueprints, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, routing slips, intra-and inter-office communications to, between or among officers, agents, partners or employees, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings or of other meetings, affidavits, statements, summaries, opinions, court pleadings, reports, indices, studies, analyses, forecasts, evaluations, contracts, licenses, agreements, invoices, notebooks, entries, ledgers, journals, books of records of account, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data procession input and output, computer files, computer programs, computer

program coding sheets, microfilms, micro-fiche, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind, however denominated.

7. The term "**Guarantor**" shall mean Star Buffet, Inc.

8. The term "**Guaranty**" shall mean the Guaranty of the Lease dated September 12, 2014.

9. The term "**Landlord**" shall mean BSV Lamont JCRS LLC.

10. The term "**Lease**" shall mean the Shopping Center Lease dated September 12, 2014 between the Tenant and Landlord within the Shopping Center.

11. The term "**Person**" means any natural person, firm partnership, joint venture, corporation, or any other legal entity.

12. The term "**Petition Date**" means April 6, 2021.

13. The term "**Premises**" means the certain space as defined more particularly in the Lease.

14. As used herein, the terms "**relating to**", "**relates to**," "**related to**," and "**regarding**" mean relating in any way, directly or indirectly, to a document, event, act, person, occurrence or matter, or to a class of documents, events, acts, persons, occurrences or matters described in the document request and includes, without limitation, analyzing, constituting, evidencing, comprising, summarizing, discussing, describing, concerning, reflecting, showing, referring to, containing, affecting, pertaining to, in connection with, or supporting the event(s), act(s), person(s), occurrence(s), or matters(s) described in the request.

15. The term "**Shopping Center**" shall mean the Shopping Center located at 6715 West Colfax Avenue, Lakewood, Colorado 80214.

16. "**Tenant**" shall mean Summit Family Restaurants Inc. d/b/a/ Casa Bonita. Tenant and Debtor are used interchangeably.

17.  "**You**" and "**your**" or "**agent**" means Debtor and its predecessors, successors, subsidiaries, affiliates, employees, agents, servants, representatives, partners and the like, wherever located.

**III.    Document Requests**

1. Any documents that evidence the location of Debtor's domicile, residence, principal place of business in the United States, or principal assets in the United States during the 180 immediately preceding the Petition Date.

2. Any and all documents from January 1, 2017 to the present relating to any potential source of financing for Debtor, including without limitation term sheets, loan documents, security agreements, loan applications, and any communications concerning any actual or proposed loan, including any drafts of, amendments to, or modifications of any of the foregoing.

3. Any and all documents relating to Debtor's ability to pay its debts or to fund a plan of reorganization in this bankruptcy case.

4. Any and all documentation evidencing income received by the Debtor from any source from January 1, 2017 to present, including but not limited to pay stubs, cash receipts and/or cash receipts journals.

5. Debtor's state and federal income tax returns for the three (3) years prior to the Petition Date.

6. Any and all invoices, statements or documents reflecting all debts or obligations owed by the Debtor as of the Petition Date and any communications between or among the Debtor and any other Person concerning such debts or obligations.

7. Annual budgets and financial statements for the Debtor for the most recent three (3) fiscal years, including audited financial statements if available. The financial statements should include both Statement of Financial Position (Balance Sheet) and Statement of Financial Activities (Income Statement), and a budget vs. actual comparison if available. If not available, also provide budgets for the most recent 3 fiscal years.

8. All board of directors' meeting minutes for Debtor for the past three (3) years.

9. Any and all documents relating to fiscal policies or procedures, including operating and capital budget policies, internal controls for cash and property management.

10. Any and all documents relating to the accounts receivable for the Debtor, including any information relating to whether any portion of the accounts receivable are uncollectible.

11. All Documents that relate to any pending or threatened litigation against the Debtor, the Debtor's affiliates, the Debtor's equity holders or with respect to the Premises, including but not limited to all pleadings, demand letters and judgments.

12. All Documents that relate to the payment history of the Debtor to the Landlord.

13. All Documents that relate to any deferred maintenance of the Premises.

14. All Documents that relate to any inspections or evaluations of the Premises since 2018.

15. All Documents that relate to any tax deficiencies of the Debtor.

16. All Documents that reflect the monthly financial performance of the Debtor for the two years preceding the Petition Date.

17. All Documents that reflect the cash flow statement(s) and projection(s) of the Debtor for years 2019-2024.

18. All of the Debtor's bank statements from January 1, 2019 through the present.

Engelman Berger, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004